**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| NORMAN GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV626-054 |
| | ) | |
| MIMS, WARDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

*Pro se* plaintiff Norman Glenn filed this 42 U.S.C. § 1983 case asserting that he was deprived of opportunities for outdoor recreation for approximately four years. *See* doc. 1 at 4-5. The Court granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 5 & 6. The Court, therefore, proceeds to screen his Amended Complaint. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Amended Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th

Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Glenn alleges he is incarcerated at Smith State Prison "on Tier 1." *See* doc. 1 at 4. He alleges that he has been "on lock[ ]down" because he refused a housing assignment. *Id.* Since he has been on lock down, allegedly since November 22, 2022, until the date the Complaint was filed in October 2026, he had not had any opportunity for outdoor recreation. *Id.* at 5; *see also id.* at 14. He seeks monetary damages. *Id.* at 5.

The Eleventh Circuit has explained that claims concerning denial of access to outdoor recreation implicate convicted prisoners' rights under the Eighth Amendment. *See Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023). Claims that prison conditions violate the Eighth Amendment, whether immediately or by creating an unreasonable risk, require the allegation of both an objectively serious condition and a defendant's deliberate indifference to that condition. *See, e.g., Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (claim based on risk of

future harm requires objective showing of "substantial risk of serious harm," "the defendants' deliberate indifference to that risk," and causation); *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010) (discussing "two-prong showing" required for Eighth Amendment claims challenging conditions of confinement). "[O]nly those deprivations denying the minimal civilized measure of life's necessities, [cit.] are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotation marks and citations omitted).

*Christmas* explains that "complete denial of outdoor exercise" may satisfy the objective inquiry when there's no "penological justification" for that condition. 76 F.4th at 1331 (citing *Bass v. Perrin*, 170 F.3d 1312, 1316-17 (11th Cir. 1999) (internal quotations omitted)). Although Glenn's Complaint does not include any express allegation that the denial of his access to outdoor recreation lacked any penological justification,[1] the duration of the alleged denial is sufficient to infer that, for at least some portion of that period, penological justification is

[1] In fact, the Complaint attaches a response to an administrative grievance Glenn filed that indicates that outdoor recreation was not offered because of safety concerns. *See* doc. 1 at 13.

questionable. *See Christmas*, 76 F.4th at 1330, 1332 (allegation of denial of recreation for two years "satisfies . . . the objective inquiry"); *Melendez v. Sec'y of Dept. of Corrs.*, 2024 WL 3880013, at *5 (11th Cir. Aug. 20, 2024) (noting that, based on allegation of denial of outdoor recreation for four years, "Defendants make no argument that . . . [plaintiff] fails to show a deprivation that is sufficiently serious to violate the Eighth Amendment."). *But cf., e.g., Wilkerson v. Maggio*, 703 F.2d 909, 912 (5th Cir. 1983) (concluding that "one hour a day of exercise provided on the indoor tier satisfied the constitutional minimum."); *Ajaj v. United States*, 293 F. App'x 575, 584 (10th Cir. 2008) (finding deprivation of outdoor recreation for one year "is not sufficiently serious to implicate the Eighth Amendment."). That is sufficient, for screening purposes only. *See Christmas*, 76 F.4th at 1332 (allegation that outdoor recreation was denied "without any legitimate reason" was sufficient "at the § 1915A stage"). While the Court is also skeptical that Glenn's Complaint alleges Defendant Mims' subjective indifference to the condition sufficiently to state a claim, the Court can, again, infer from the duration of the alleged condition that, at some point, the Warden of the facility would have been

aware of it. The Court will, therefore, direct service of Glenn's claim that he was denied outdoor recreation against Mims.

Since Glenn has been authorized to proceed *in forma pauperis*, he is entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Since the Court approves his outdoor recreation claim for service, a summons, a copy of his Complaint, doc. 1, and this Order, shall be served by the United States Marshal upon Defendant Mims without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

**INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure

to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order and word-for-word during

the deposition. Fed. R. Civ. P. 30(c). Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. *See generally* Fed. R. Civ.

P. 26 to Fed. R. Civ. P. 37. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint

Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's

statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

Finally, the Court must assess Glenn's filing fee. *See* 28 U.S.C. § 1915(b). His Prisoner Trust Account Statement indicates that the average monthly balance in his prison trust account was $29.58 in the six months prior to the Complaint. Doc. 6at 1. He, therefore, owes an $5.92 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," based upon average deposits to or balance in a prisoner's account, under a specific 20 percent

formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED,** this 3rd day of November, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA